IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Misc. Case No.: 11-mc-00072-JSS |
| MOTION TO QUASH SUBPOENA TO BERGAN, PAULSEN & CO. | ORDER REGARDING DISCOVERY |
| BERGAN, PAULSEN & CO., Petitioner, vs. SHIRE, LLC, Respondent. | |
| SHIRE, LLC, Plaintiff, vs. TRAVIS C. MICKLE, PH.D., and KEMPHARM, INC., Defendants. | United States District Court for the Western District of Virginia Civil Case No. 7:10-cv-00434 |

This matter comes before the Court on the Motion to Quash and Response and Objections to Shire LLC's Subpoena to Bergan, Paulsen & Co. (docket number 1) filed by Bergen, Paulsen & Co. on September 7, 2011; and the Counter-Motion to Compel Compliance with Subpoena Duces Tecum (docket number 9) filed by Shire LLC on October 5, 2011. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

1

## *RELEVANT FACTS*

The dispute here stems from an action pending in the United States District Court for the Western District of Virginia. On September 29, 2010, Shire LLC ("Shire") filed a complaint against Travis C. Mickle, Ph.D. and KemPharm, Inc., seeking monetary damages and injunctive relief.[1] According to the complaint, on March 5, 2001, New River Pharmaceuticals, Inc. ("New River") hired Mickle as a Senior Scientist. Mickle was subsequently promoted to Director of Chemistry, and in January 2003 became the Director of Drug Discovery and Chemical Development. In October 2005, Mickle resigned from New River. Mickle subsequently established KemPharm, Inc. Shire, which is the successor-in-interest to New River, claims that Mickle breached several agreements assigning patents, breached an employment agreement, and breached a settlement agreement. It is further claimed that KemPharm tortiously interfered with the patent assignment agreements between Mickle and Shire.

On an unspecified date, Shire served Bergan, Paulsen & Co. ("Bergan"), which is apparently an accounting firm located in Waterloo, Iowa, with a subpoena to produce documents.[2] On September 7, 2011, Bergan responded by filing the instant "Motion to Quash and Response and Objections." The motion was not accompanied by a brief, as required by Local Rule 7.d, nor does it include the required declaration that "[c]ounsel, in good faith, has conferred personally with counsel for the opposing party in an attempt to resolve or narrow by agreement the issues raised by the motion," as required by Local Rule 37.a. On October 5, 2011, after the deadline to respond was extended twice at its request, Shire filed a resistance to Bergan's motion and filed a "counter-motion" asking that the Court order Bergan to comply with the subpoena *duces tecum*.

---

[1] A copy of the Complaint was attached to Shire's Brief in Resistance as Exhibit B (docket number 8-2).

[2] A copy of the Subpoena was attached to Shire's Brief in Resistance as Exhibit A (docket number 8-1).

2

The subpoena includes 51 requests for production of documents. After Bergan filed its motion to quash, however, counsel conferred in an effort to narrow the issues in dispute. According to its brief in resistance, Shire agreed at the first conference call on September 21, 2011, "to withdraw twenty of its document production requests to narrow the dispute."[3] Specifically, "Document Request Nos. 5, 7, 16-17, 19, 29, 31, 38-41, and 43-51 are no longer in dispute."[4] Furthermore, John Warren, a partner with Bergan, signed an affidavit stating that Bergan has no documents in its possession which are responsive to Shire's "Document Request Nos. 2, 8, 9, 10, 11, 13, 22, 23, 25, 33, and 34."[5] In its brief in resistance, Shire agrees that if Bergan states, under oath, that it has searched its records and there are no documents which are responsive to certain requests, then "Shire's concerns with these requests will be satisfied."[6] Accordingly, it would appear that the remaining items in dispute are Request Nos. 1, 3-4, 6, 12, 14-15, 18, 20-21, 24, 26-28, 30, 32, 35-37, and 42.[7]

The first four contested requests (Nos. 1, 3-4, and 6) relate to KemPharm, Inc. Shire seeks "each and every document concerning the formation" of KemPharm, its tax returns, the names of stockholders and their holdings, and KemPharm's financial statements. The next six disputed requests (Nos. 12, 14-15, 18, and 20-21) refer to Mickle Investments, LLC. Shire seeks all documents concerning the formation of Mickle

---

[3] *See* Shire's Brief in Resistance (docket number 8) at 3.

[4] *Id.*

[5] *See* Affidavit of John Warren at 2 (docket number 10 at 9).

[6] *See* Shire's Brief in Resistance (docket number 8) at 5.

[7] It should be noted that on page 5 of its Brief in Resistance, Shire identifies those requests for which Bergan purportedly claimed that it had no responsive documents. Those requests are not identical, however, to the request numbers listed by Bergan in John Warren's affidavit. Accordingly, the items apparently remaining in dispute are not identical to those listed by Shire's counsel in their Declaration in Support of Shire's Counter-Motion to Compel. *See* docket number 9-1.

Investments, together with its tax returns and related documents, its financial statements, as well as information pertaining to loans or investments made to Mickle Investments, and any documents used by Mickle Investments to solicit investments by third parties. The next seven disputed requests (Nos. 24, 26-28, 30, 32, and 35) seek similar information pertaining to KemPharm Investments, LLC. The next two disputed requests (Nos. 36-37) seek "each and every document concerning communications" with two law firms.[8] The final disputed request (No. 42) seeks "[e]ach and every document concerning this Litigation."

## DISCUSSION

As noted above, Bergan did not file a brief in support of its motion to quash. It filed a reply to Shire's resistance and "counter-claim," but other than a general reference to FEDERAL RULE OF CIVIL PROCEDURE 45(c), Bergan did not cite any authority in either its motion or its reply. Apparently, however, Bergan argues that the requests are not relevant, unduly burdensome, lack specificity, and would require the production of confidential information.

Shire first notes that Bergan's motion to quash is procedurally deficient, and argues that it should be denied "on that basis alone." Bergan did not confer in good faith with Shire prior to filing its motion "in an attempt to resolve or narrow by agreement the issues raised," as required by Local Rule 37.a. In addition, Bergan did not file a supporting brief, as required by Local Rule 7.d. Failure to brief an issue in more than a "perfunctory manner," allows a court to consider the issue waived. *Ramirez v. Debs-Elias*, 407 F.3d 444, 447 n.3 (1st Cir. 2005) (cited with approval in *United States v. Johnson*, 403 F. Supp. 2d 721, 764 (N.D. Iowa 2005)). *See also Chay-Velasquez v. Ashcroft*, 367 F.3d

---

[8] Request No. 36 seeks communications from January 1, 2001 through February 28, 2011, while Request No. 37 seeks communications for a different firm from January 1, 2001 through February 28, 2001. *See* Subpoena to Produce Documents, Production Request Numbers 36-37 (docket number 8-1 at 18).

4

751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived.").

More importantly, Bergan's motion does not support its claim for relief. FEDERAL RULE OF CIVIL PROCEDURE 45(c)(3)(A) provides that the court must quash a subpoena under four enumerated circumstances. While not specified in its motion, Bergan apparently relies on the third and fourth alternatives: "disclosure of privileged or other protected matter" and "undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii-iv). However, Bergan provides no factual information or legal argument to support its claims. Instead, Bergan summarily asserts that production of the documents would be "unduly burdensome," without providing an affidavit or any other evidence supporting that assertion. Instead, the Court is left to speculate regarding how the documents are maintained, what search may be required, and whether production of the documents would truly be an "undue burden."[9]

Similarly, Bergan does not describe its relationship with KemPharm, Inc., Mickle Investments, LLC, or KemPharm Investments, LLC. Bergan does not cite any authority in support of its argument that production of the requested documents would breach "a duty or an obligation of confidentiality." Moreover, Bergan does not describe its relationship with the two law firms, nor does it provide authority regarding the issue of whether its communications with the law firms are protected from disclosure.

In summary, Bergan's motion to quash is procedurally deficient. Furthermore, it does not provide a factual basis for the relief requested by Bergan. Finally, Bergan has failed to adequately brief the issues and, therefore, they are deemed waived. The Court finds that the motion to quash should be denied and the "counter-motion" to compel should be granted.

---

[9] The Court notes parenthetically that the parties apparently agreed that Shire would reimburse Bergan $3,500 for the cost of production.

5

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Quash (docket number 1) filed by Bergen, Paulsen & Co. on September 7, 2011 is **DENIED**.

2. The Counter-Motion to Compel Compliance (docket number 9) filed by Shire LLC on October 5, 2011 is **GRANTED**.

DATED this 25th day of October, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA