IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MOTION TO QUASH SUBPOENA<br>TO BERGAN, PAULSEN & CO. | Misc. Case No.: 11-mc-00072-JSS<br><br>RULING ON MOTION TO VACATE<br>ORDER |
| BERGAN, PAULSEN & CO.,<br><br>    Petitioner,<br><br>vs.<br><br>SHIRE, LLC,<br><br>    Respondent. | |
| SHIRE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVIS C. MICKLE, PH.D., and<br>KEMPHARM, INC.,<br><br>    Defendants. | United States District Court for the<br>Western District of Virginia<br><br>Civil Case No. 7:10-cv-00434 |

    On the 8th day of December 2011, this matter came on for hearing on the Motion to Vacate Order and for Leave to File Resistance to Respondent's Motion to Compel (docket number 16) filed by KemPharm, Inc. and Travis C. Mickle, Ph.D., on November 4, 2011, and the Supplement (docket number 18) filed on November 14, 2011; the Resistance (docket number 19) filed by Shire, LLC on November 16, 2011; and the Reply (docket number 20) filed on November 28, 2011. At the hearing, attorney Richard R. Morris appeared on behalf of Bergan, Paulsen & Co.; attorneys John H. Moorlach and

Eugene LeDonne appeared on behalf of Shire, LLC; and attorneys Jason M. Steffens and Gregory C. Schodde appeared on behalf of Travis C. Mickle, Ph.D., and KemPharm, Inc.

## I. PROCEDURAL HISTORY

On September 7, 2011, Bergan, Paulsen & Co. ("Bergan") filed a motion to quash a subpoena served on it by Shire, LLC. Shire resisted the motion to quash and filed a "counter-motion" to compel compliance with the subpoena *duces tecum*. On October 25, 2011, the Court entered an Order denying Bergan's motion to quash, and granting Shire's motion to compel.

On November 4, 2011, KemPharm, Inc. and Travis C. Mickle, Ph.D., filed the instant motion, asking the Court to vacate its Order of October 25, 2011. The movants also requested that they be given until November 14, 2011 to file a resistance to Shire's earlier motion to compel compliance. On November 14, KemPharm and Mickle filed a "supplement" to their motion, consisting of a brief in resistance to Shire's cross-motion to compel. On November 16, Shire filed its resistance, asking that the motion to vacate be denied and that Bergan be ordered to produce the remaining documents within three days. Alternatively, Shire asks that if the motion to vacate is granted in whole or in part, that it be given an opportunity to file a reply to the resistance to its motion to compel.

## II. RELEVANT FACTS

### A. Underlying Action

On September 29, 2010, Shire filed a complaint against Mickle and KemPharm in the United States District Court for the Western District of Virginia, seeking monetary damages and injunctive relief. According to the complaint, on March 5, 2001, New River Pharmaceuticals, Inc. ("New River") hired Mickle as a senior scientist. Mickle was subsequently promoted to director of chemistry, and in January 2003 became the director of drug discovery and chemical development. In October 2005, Mickle resigned from New River. Mickle subsequently established KemPharm, Inc. Shire, which is the successor-in-interest to New River, claims that Mickle breached several agreements

assigning patents, breached an employment agreement, and breached a settlement agreement. It is further claimed that KemPharm tortiously interfered with the patent assignment agreements between Mickle and Shire.

### B. Subpoena Duces Tecum

As part of its discovery in the underlying action, Shire served Bergan with a subpoena *duces tecum*. The subpoena commanded Bergan to produce certain documents at the law offices of Whitfield & Eddy in Des Moines, Iowa, on September 9, 2011 at 10:00 a.m. The subpoena included 51 "production requests."

Rather than producing the requested documents, and apparently without first consulting counsel for Shire in an attempt to resolve or narrow the issues, Bergan responded on September 7, 2011 by filing a motion to quash the subpoena. At Shire's request, the deadline for responding to the motion was twice extended, so the parties could attempt to resolve the issue without court intervention. When the parties were unsuccessful, Shire filed a resistance to the motion to quash, and filed its motion to compel compliance. On October 25, the Court denied Bergan's motion to quash and ordered compliance with the subpoena.

### C. Notice to KemPharm and Mickle

On August 26, 2011, Bergan was served with the subpoena *duces tecum*.[1] Concurrent with service on Bergan, counsel for Shire caused a copy of the subpoena to be sent to counsel for KemPharm and Mickle.[2] Bergan notified KemPharm that it had received the subpoena.[3] Bergan also served KemPharm when it filed its motion to quash.[4]

---

[1] *See* Affidavit of Return of Service (docket number 19-2).

[2] *See* Declaration of John Moorlach and Eugene LeDonne (docket number 19-1) at 2.

[3] *See* Declaration of Gregory C. Schodde (docket number 16-2) at 2.

[4] *See* Motion to Quash (docket number 1) at 4.

3

KemPharm was not notified, however, when Shire filed its resistance to the motion to quash and "counter-motion to compel compliance." Shire did not serve KemPharm or Mickle with copies of the documents, nor did Bergan notify KemPharm of the filings. Moreover, Bergan did not serve or notify KemPharm when it filed its reply. KemPharm and Mickle were not aware of Shire's filings until Bergan notified KemPharm of the Court's adverse ruling.[5]

## III. DISCUSSION

In their instant motion, KemPharm and Mickle ask that the Court's Order of October 25, 2011 – denying Bergan's motion to quash and granting Shire's motion to compel – be vacated, citing FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1) and (3). RULE 60(b)(1) authorizes the Court to grant relief from an order for "mistake, inadvertence, surprise, or excusable neglect." RULE 60(b)(3) authorizes relief from an order obtained through "fraud, misrepresentation, or misconduct of an opposing party."

The foundation of KemPharm's argument is that Shire was required to serve it and Mickle with copies of Shire's resistance to the motion to quash and its motion to compel compliance. KemPharm argues that if it had known of Shire's motion to compel, it would have intervened and filed a brief in resistance.[6] Shire argues that while KemPharm and Mickle are clearly parties to the action pending in the Western District of Virginia, they are not "parties" to this discovery dispute pending in the Northern District of Iowa and, therefore, notice was not required under FEDERAL RULE OF CIVIL PROCEDURE 5.

On August 24, 2011, Shire's attorney, Eugene LeDonne, signed a subpoena *duces tecum* directed to Bergan, commanding the production of documents at the law offices of

---

[5] *See* Declaration of Gregory C. Schodde (docket number 16-2) at 2.

[6] KemPharm did *not* intervene, however, after learning of Bergan's motion to quash, despite the fact that the same issues would be addressed. Bergan's motion to quash and Shire's motion to compel compliance were two sides to the same coin.

Whitfield & Eddy in Des Moines, not later than September 9, 2011.[7] Before a subpoena *duces tecum* is served, notice must be served on each party.[8] Here, a copy of the subpoena was sent to KemPharm and Mickle "concurrent" with service of the subpoena on Bergan. KemPharm and Mickle make no objection regarding service of the subpoena.

A person commanded to produce documents pursuant to a subpoena may serve a written objection on the serving party. FED. R. CIV. P. 45(c)(2)(B). Here, Bergan filed a motion to quash in this Court. After an objection is made, the serving party, "on notice to the commanded person," may move the issuing court for an order compelling production. RULE 45(c)(2)(B)(i). In response to Bergan's motion to quash, Shire filed a motion to compel with notice given to Bergan – *i.e.*, the "commanded person."

While RULE 45(c)(2)(B)(i) does not state that notice of a motion compelling production must be given to all parties in the underlying action, KemPharm and Mickle argue that FEDERAL RULE OF CIVIL PROCEDURE 5 nonetheless applies. Generally, a written motion, except one that may be heard *ex parte*, must be served "on every party." RULE 5(a)(1)(D). Shire does not dispute the general rule, but argues that it has no application here since Bergan filed its motion to quash in the Northern District of Iowa, and Mickle and KemPharm were not "parties" here when Shire filed its motion to compel. At the time of hearing, counsel for Shire conceded that professional courtesy may have called for KemPharm and Mickle to be served with a copy of its motion to compel, but argued that service was not required under the rules.

---

[7] FEDERAL RULE OF CIVIL PROCEDURE 45(a)(2)(C) provides a subpoena for production must be issued from the court for the district where the production is to be made. Here, the caption at the top of the subpoena refers to the United States District Court for the Northern District of Iowa. The record is otherwise silent regarding the extent to which the subpoena was issued in this district.

[8] "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." FED. R. CIV. P. 45(b)(1).

Surprisingly, there is little authority directly on point. In *Central States, Southeast and Southwest Areas Pension Fund v. King Dodge, Inc.*, 2011 WL 2784118 (E.D. Mo.), the Court stated, without citation to any case authority, that "[w]hen a non-party subpoena recipient fails to respond to a Rule 45 subpoena, the party serving the subpoena may file a motion to compel compliance with the subpoena, and must provide notice of the motion to the person subject to the subpoena *and to the other parties to the action.*" *Id.* at *2. (emphasis added) Notice was apparently not an issue, however, in *King Dodge*. The other cases cited by the parties are not directly on point. In their reply brief, however, KemPharm and Mickle cite certain "commentators" as follows:

> As commentators have stated:
>
>> Subdivision (c)(2)(B) explicitly requires that the motion to compel be made "upon notice to the person commanded to produce". This requirement, also carried over from the prior rule, is designed to assure that a nonparty servee be notified; <u>it does not dispense with service of the notice of motion on the parties as well, which Rule (5)(a) of the Federal Rules of Civil Procedure requires for papers generally</u>.
>>
>> Segal, David D., Practice Commentaries, C45-21 (emphasis added); *see also* 9 Moore's Federal Practice § 45.41[2][a] (Matthew Bender 3d ed.) ("If the party makes a motion to compel, it must provide notice of the motion to the person subject to the subpoena, and to the other parties to the action.").
>
> *See* KemPharm's Reply Brief (docket number 20) at 2.

While RULE 5 is broadly written to require that virtually all documents be served on every party, the RULE begins with the condition "[u]nless these rules provide otherwise . . ." FED. R. CIV. P. 5(a)(1). At least one commentator suggests that the rules for service set forth in RULE 45 "take precedence" over the requirements of RULE 5.

> Although Rule 5 should be construed broadly to require service of virtually every written communication in an action

> on all parties, there are certain important exceptions to its application. The language of the rule specifically exempts service of ex parte motions, pleadings between numerous defendants, and the original complaint. Moreover, the general introductory language of Rule 5(a), "except as otherwise provided in these rules," recognizes that special provisions for the service of papers found elsewhere in the rules take precedence over Rule 5. ***Specifically, the documents referred to in Rules 45(c) (subpoenas) and 77(d) (clerk to give notice of entry of orders and judgments) are required to be served in a manner other than that set forth in Rule 5(b).***

Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1143 (2002) (emphasis added).

The Court concludes that the Rules should be broadly construed to provide notice when a party's interests may be adversely affected. When a subpoena *duces tecum* is served on a non-party, notice must be given to each party – presumably to permit a party to protect its interests. Similarly, when a motion to compel compliance with the subpoena is filed, it seems logical that each party must be given notice in order to protect its interests. If a party is permitted to pursue compliance against a non-party without giving any notice to the opposing party, then the purpose and intent of RULE 5 would be frustrated. Accordingly, the Court concludes that Shire's failure to serve KemPharm and Mickle with copies of its motion to compel violated FEDERAL RULE OF CIVIL PROCEDURE 5.

Since KemPharm and Mickle did not receive notice of Shire's motion to compel (or its resistance to Bergan's motion to quash), the Court concludes that its Order Regarding Discovery, filed October 25, 2011, should be vacated pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1). The brief filed by KemPharm and Mickle in resistance to Shire's cross-motion to compel (docket number 18-1) and the attachments (docket numbers 18-2 to 18-12) will be deemed timely filed. Shire will be given until January 9, 2012 to file its reply, if any.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Vacate Order and for Leave to File Resistance (docket number 16) filed by KemPharm and Mickle is hereby **GRANTED** as follows:

1. The Court's Order Regarding Discovery (docket number 12), filed October 25, 2011, is hereby **VACATED**.

2. The brief filed by KemPharm and Mickle in resistance to Shire's cross-motion to compel (docket number 18-1) and the attachments (docket numbers 18-2 to 18-12) will be deemed timely filed.

3. The deadline for Shire to file its reply, if any, is **January 9, 2012**.

DATED this 28th day of December, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA