# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Misc. Case No.: 11-mc-00072-JSS |
| MOTION TO QUASH SUBPOENA TO BERGAN, PAULSEN & CO. | RULING ON MOTION TO COMPEL COMPLIANCE |
| BERGAN, PAULSEN & CO., | |
| Petitioner, | |
| vs. | |
| SHIRE, LLC, | |
| Respondent. | |
| SHIRE, LLC, | United States District Court for the Western District of Virginia |
| Plaintiff, | Civil Case No. 7:10-cv-00434 |
| vs. | |
| TRAVIS C. MICKLE, PH.D., and KEMPHARM, INC., | |
| Defendants. | |

This matter comes before the Court on the Counter-Motion to Compel Compliance with Subpoena Duces Tecum (docket number 9) filed by Petitioner Shire, LLC ("Shire") on October 5, 2011; the Brief in Resistance (docket number 18-1) filed by Defendants Travis C. Mickle, Ph.D. ("Mickle") and KemPharm, Inc. ("KemPharm") on November

14, 2011; and the Reply (docket number 28) filed by Shire on January 9, 2012. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

The relevant facts and proceedings underlying the instant motion are set forth in the Court's Ruling on Motion to Vacate Order (docket number 27) filed on December 28, 2011, and will not be repeated here. The issue raised by the instant motion is whether Bergan, Paulsen & Co. ("Bergan") – the accounting firm for KemPharm – should be compelled to respond to a subpoena duces tecum served on it by Shire. According to Shire's reply, of the 51 requests for production contained in the subpoena, just 7 remain in dispute. That is, Shire asks that Bergan be ordered to respond to items 1, 12, 14, 15, 18, 19, and 20 of the subpoena.

### Production Request No. 1

In Request No. 1, Shire seeks documents relating to the formation of KemPharm. Specifically, Shire asks Bergan to produce "each and every document concerning the formation" of KemPharm, including documents filed with the Iowa Secretary of State, incorporation agreements, or other documents "created or used to form KemPharm, Inc." KemPharm and Mickle argue in their resistance that documents relating to the formation of KemPharm are "at best marginally relevant to this case," Shire is "already pursuing this discovery from KemPharm," and the information is "unlikely to lead to admissible evidence."[1]

The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of

---

[1] *See* Defendants' Brief in Resistance (docket number 18-1) at 9-10.

2

providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa 1992). Generally, the party resisting production of the requested information bears the burden of establishing lack of relevancy. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

Here, Shire claims in the underlying action that Mickle breached several agreements assigning patents, breached an employment agreement, and breached a settlement agreement. It is claimed that Mickle used confidential information obtained during his employment with New River Pharmaceuticals, Inc. (Shires' predecessor-in-interest) to form KemPharm. According to Shire, "[t]he facts and circumstances surrounding KemPharm's formation are central to the case."[2] In construing the discovery rules broadly, the Court concludes that documents relating to the formation of KemPharm are relevant to Shire's claims and, therefore, are discoverable. While some of the documents may be obtainable from KemPharm, the Iowa Secretary of State, or other sources, the Court concludes that Shire may nonetheless seek copies from Bergan.[3]

### Production Request Nos. 12, 14, 15, 18, 19, and 20

The six remaining disputed requests all relate to Mickle Investments, LLC. Shire asks that Bergan be ordered to produce documents relating to the formation of Mickle Investments, together with all tax returns, financial statements, bank accounts, and related documents.

Unlike KemPharm, Mickle Investments is not a party to the underlying action and it is unclear to the Court what relationship it may have to Shires' claims. Nothing in the underlying pleadings, Shires' motion to compel, or its reply, establishes the relevance of

---

[2] *See* Shires' Reply (docket number 28) at 3.

[3] It should be noted that pursuant to their agreement, Shire previously paid Bergan $3,500 to defray the costs associated with producing documents.

3

the requested documents. While the relevancy standard to be applied is one of liberality, "relevancy under Rule 26 is not without bounds." *Bredemus v. International Paper Co.*, 252 F.R.D. 529, 533 (D. Minn. 2008). *See also Oppenheimer Fund*, 437 U.S. at 351 ("At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). As noted by Judge Walters in a related proceeding, "[d]oubtful questions of discovery relevancy concerning information in the possession of a party should be resolved in the court in which the action is pending. That court is in a better position to manage discovery."[4] Based on this record, the Court concludes that documents relating to Mickle Investments need not be produced.

## ORDER

IT IS THEREFORE ORDERED that the Counter-Motion to Compel Compliance (docket number 9) filed by Shire on October 5, 2011 is **GRANTED** in part and **DENIED** in part as follows: Bergan must produce those documents which are responsive to Production Request No. 1 in the subpoena served by Shire.

DATED this 12th day of January, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[4] *See* Ruling on Petitioner's Motion to Compel Compliance with Non-Party Subpoenaes, *In re Motion to Compel Compliance with Non-Party Subpoenaes*, No. 4:11-mc-00030-RAW (S.D. Iowa) at 5 (Magistrate Judge Ross A. Walters presiding).